[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17070
Non-Argument Calendar

_____

D. C. Docket No. 08-60107-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL PITA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Miguel Pita appeals the 168-month sentence imposed for his cocaine-distribution offenses. Pita argues that the district court (1) violated the Sixth Amendment by calculating his base offense level based on drug amounts higher than that found by the jury, and (2) imposed an unreasonable sentence by calculating his guideline imprisonment range using the incorrect base offense level and imposing a sentence that was greater than necessary. For the reasons set forth below, we affirm.

## I. Background

A jury found Pita guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, specifying that the offense involved at least 500 grams but less than 5 kilograms of cocaine, and attempt to possess with intent to distribute 500 grams of more of cocaine, also in violation of §§ 841(a)(1) and 846, specifying that the offense involved 500 grams of more of cocaine.

In a presentence investigation report ("PSI"), a probation officer found that Pita was responsible for at least 5 kilograms but less than 15 kilograms of cocaine. The probation officer set Pita's base offense level at 32, pursuant to U.S.S.G. § 2D1.1(a)(3), and criminal history category at II, based on previous convictions for burglary and grand theft in the third degree and because Pita committed the

2

offense while still on probation for these convictions. With a total offense level of 32 and criminal history category of II, Pita's guideline imprisonment range was135 to 168 months. Pita objected to, <u>inter alia</u>, the base offense level, arguing that it should be 28 based on the jury's drug-amount finding.

At a sentencing hearing, the district court overruled the objection, reasoning that a preponderance of the evidence demonstrated that he was responsible for at least five kilograms of cocaine and supported a base offense level of 32. The court acknowledged that it had considered the parties' statements, the PSI calculations, and the statutory factors. The court sentenced Pita to 168 months' imprisonment, reasoning that his prior convictions were serious and this sentence was necessary to deter future offenses, promote respect for the law, and protect the public.

## II. Law & Analysis

<u>Sixth Amendment</u>

We review constitutional challenges <u>de novo</u> and will reverse only upon finding harmful error. <u>United States v. Pope</u>, 461 F.3d 1331, 1333-34 (11th Cir.2006). In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." 530 U.S. at 490-93, 120 S.Ct. at 2362-64. In <u>Blakely v. Washington</u>, 542 U.S. 296, 301, 303-04, 124 S.Ct. 2531, 2536, 2537, 159 L.Ed.2d 403 (2004), the Supreme Court clarified that the relevant statutory maximum for <u>Apprendi</u> purposes is "the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" or the "maximum he may impose without any additional findings." In <u>United States v. Booker</u>, 543 U.S. 220, 243-44, 125 S.Ct. 738, 755-56, 160 L.Ed.2d 621 (2005), the Supreme Court applied <u>Blakely</u> to the Sentencing Guidelines and reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Pursuant to § 841(b)(1)(B), a defendant convicted of an offense that involves 500 grams or more of cocaine faces a statutory sentence of 5 to 40 years' imprisonment.

The district court did not impose an unconstitutional sentence by using an enhanced drug amount. <u>See</u> <u>Pope</u>, 461 F.3d at 1333-34. The court did not violate the principles set out in <u>Apprendi</u> and its progeny because the sentence ultimately imposed did not exceed the maximum sentence allowed based solely on the jury's drug-amount finding. <u>See</u> <u>Blakely</u>, 542 U.S. at 301, 303-04, 124 S.Ct. at 2536,

4

2537. Given the jury's finding that Pita**'s** offense involved at least 500 grams but less than 5 kilograms of cocaine, the court could have sentenced Pita to a statutory maximum of 40 years' imprisonment. See 21 U.S.C. § 841(b)(1)(B). The 168-month sentence imposed was well below that statutory maximum. Accordingly, we affirm as to this issue.

*Reasonableness*

After the Supreme Court's decision in Booker, the sentencing court first must correctly calculate the guideline range and then must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The Supreme Court has held that the reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Gall, 552 U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." Talley, 431 F.3d at788. The Supreme Court has explained that a sentence may be procedurally unreasonable if, inter alia, the court improperly calculates the guideline range. Gall, 552 U.S. at __, 128 S.Ct. at 597. Review for substantive reasonableness involves inquiring

5

whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. Id., 552 U.S. at __, 128 S.Ct. at 598-99. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, and protecting the public from future criminal conduct by the defendant. See 18 U.S.C. § 3553(a)(2). "In this Circuit, this Court presumes that a sentence within the guidelines range is reasonable, but the presumption may be rebutted by the circumstances of a particular case viewed in light of the § 3553(a) factors." United States v. Sarras, No. 08-11757, manuscript op. at 57 (11th Cir. June 16, 2009). The expectation of reasonableness ordinarily accorded to a sentence imposed within the range is tantamount to a rebuttable presumption of reasonableness. Id. at 55-56.

The district court did not impose an unreasonable sentence. See Talley, 431 F.3d at 786. Pita argues that his sentence was procedurally unreasonable sentence because the court used an unconstitutionally enhanced drug amount and that the sentence was substantively unreasonable because it was greater than necessary. First, the sentence was procedurally reasonable because the court was permitted to

6

calculate the guideline range using an enhanced drug amount, as discussed above. See Gall, 552 U.S. at __, 128 S.Ct. at 597. Also, given the § 3553(a) factors, the sentence was not substantively unreasonable. See id. at __, 128 S.Ct. at 598-99; Sarras, No. 08-11757, manuscript op. at 57. The court noted that Pita's previous convictions were serious offenses and reasoned that a 168-month sentence was necessary to deter future offenses, promote respect for the law, and protect the public. Indeed, given the substantial amount of cocaine involved and the facts that Pita committed the instant offenses while still on probation for burglary and grand theft in the third degree, the court did not abuse its discretion in imposing a sentence at the high end of the guideline range for the purposes of deterring future offenses, promoting respect for the law, and protecting the public. See Gall, 552 U.S. at __, 128 S.Ct. at 597; 18 U.S.C. § 3553(a)(2). Accordingly, we affirm as to this issue.

**AFFIRMED.**

7